# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Harvey Dozier, | ) | |
| | ) | C/A No. 1:09-1605-DCN-SVH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion for attorney's fees of $4,963.57 and costs and expenses of $373.00 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Commissioner filed a response in opposition on November 19, 2010, to which plaintiff filed a reply on December 03, 2010.

## I.  BACKGROUND

Plaintiff Harvey Dozier brought this action seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner) denying plaintiff's claim for disability insurance benefits (DIB). Plaintiff's case was referred to United States Magistrate Judge Shiva V. Hodges for a Report and Recommendation (R&R), and an R&R was issued on July 30, 2010. The R&R recommended that the Administrative Law Judge's (ALJ) decision be reversed and remanded for failing to adequately evaluate whether plaintiff satisfied listing 12.05C. The magistrate judge found that the ALJ failed to make a specific finding concerning Listing 12.05C regarding whether plaintiff's mental retardation caused a physical or other mental impairment imposing additional and significant work-related limitation of function. No objections were filed in regards to the

magistrate judge's R&R.  This court adopted the R&R, reversing and remanding the ALJ's decision for further consideration.

## II.  DISCUSSION

Under the EAJA, a court shall award reasonable attorney's fees and other expenses to a prevailing party in any civil action, excluding those cases founded in tort, against the United States unless the court finds that the non-prevailing party's position was substantially justified or that special circumstances render an award unjust.  28 U.S.C. §2412(d)(1)(A).  When a court utilizes its power to reverse and remand to the Commissioner for further proceedings in a suit for DIB pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is considered to have prevailing-party status for the purposes of awarding fees and expenses under the EAJA.  See Shalala v. Schaefer, 509 U.S. 292, 300 (1993).  This court remanded the present case due to failures of the ALJ; therefore, plaintiff is the prevailing party for purposes of determining whether an award of attorney's fees and costs is appropriate.

The government as the non-prevailing party has the burden of proving that its position was substantially justified.  Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991).  "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992).  The standard for substantially justified is not "justified to a high degree, but rather justified in substance or in the main- that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotations omitted).  While "the substantially justified standard is not 'a high standard' requiring a 'strong showing,' . . . the standard requires that the government must do more than merely avoid frivolity for it to escape liability for

2

fees under the Act." Evans v. Sullivan, 928 F.2d 109, 111 (4th Cir. 1991) (citing Pierce, 487 U.S. at 565-66). If the Commissioner's position is based on an arguably defensible administrative record, then it is substantially justified. Crawford, 935 F.2d at 658. There is no "presumption that the government's position was not substantially justified, simply because it lost the case." Id. at 656 (citing Tyler Bus. Servs., Inc.. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)). However, "[w]here the government's position was a result of its failure to perform a certain analysis required by law and its regulations, the government's position was not substantially justified." Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) (citing Party v. Randolph, 738 F. Supp. 305, 306 (C.D. Ill. 1990)).

Applying the aforementioned test to the present case, this court concludes that the government's position was not substantially justified. The Commissioner argues that his position was substantially justified based on the "totality of the circumstances." Def.'s Resp. 2. The Commissioner finds that, although the ALJ never mentioned 12.05C by name, the ALJ's paraphrasing of a portion of the Listing and analysis of plaintiff's IQ scores made his position substantially justified. The Commissioner further argues that, despite his acknowledgement that the ALJ made certain errors, there was a "genuine dispute" as to whether these errors required reversal. Def.'s Resp. 3.

It is clearly settled law in the Fourth Circuit that the ALJ must *explicitly* provide a proper listing analysis of any severe impairment for review by this court. See, e.g., Cook v. Heckler, 783 F.2d 1168, 1172-73 (4th Cir. 1986). Here, the ALJ found that petitioner had a severe impairment of mental retardation but never mentioned the appropriate listing, 12.05C, or discussed its enumerated requirements, thus failing to conduct a proper

listing analysis. Because the Commissioner's position was not reasonable in law, and thus, not substantially justified, an award of attorney's fees is proper.

### III.  CONCLUSION

For the foregoing reasons, this court **GRANTS** plaintiff's motion for attorney's fees and costs under the EAJA and **ORDERS** that plaintiff be awarded $4,963.57 in attorney's fees and $373.00 in costs.[1]

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**October 18, 2011
Charleston, South Carolina**

---

[1] Attorney's fees under the EAJA shall be made payable directly to the plaintiff. See Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010).